UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY HOLLAND, SR.,

Plaintiff,

v.

JAMES FOUTS,

Defendant.

Case No. 21-cv-12265
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (ECF NO. 13)**

---

## I.      Introduction

Defendant James Fouts, the city of Warren's mayor, moves to dismiss or for summary judgment on pro se Plaintiff Cory Holland's civil rights complaint.  ECF No. 13.  The Honorable Laurie J. Michelson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 10.  The Court recommends that Fouts's motion be **GRANTED**.

## II.     Background

Proceeding under 42 U.S.C. § 1983, Holland asserts Fourteenth Amendment equal protection and due process claims.  ECF No. 1,

PageID.4.  He alleges that he rented a home in Warren, Michigan, from Carlotta Cardenas but that it was uninhabitable because of infestations. ECF No. 1, PageID.5; ECF No. 14, PageID.137.  Holland requested that the city inspect the home but alleges that Fouts—purportedly close friends with Cardenas—made calls to prevent the inspection.  ECF No. 1, PageID.5.  When no inspection took place, Cardenas first agreed to release Holland from the lease, and Holland moved out.  *Id.*  A week later, Cardenas allegedly changed her mind after speaking with Fouts.  *Id.* Holland also alleges that Cardenas sued him for the infestations and that Fouts ordered unidentified city employees to testify in favor of Cardenas. *Id.*  Holland claims that, because of Fout's intervention, he was "forced to occupy" an infested house and was prevented from leaving for over a year. *Id.*  He also claims that Cardenas used racial slurs toward him and that Fouts is generally "known for" making offensive remarks about minorities and disabled individuals like Holland.  *Id.*

While Holland claims that Cardenas sued him for the infestations, public records show that she filed a complaint in July 2020 to evict Holland for nonpayment of rent.  ECF No. 13-2, PageID.56.  Fouts states that Holland was not evicted then because of renter protections in place during the pandemic.  ECF No. 13, PageID.39.  When Holland's lease expired in

2

March 2021, Cardenas filed another complaint.   ECF No. 13-4, PageID.62.

In April 2021, the district court entered a judgment evicting Holland.  ECF

No. 13-5, PageID.64.  Holland appealed, but the circuit court affirmed.

ECF No. 13-6, PageID.66-71.

Fouts contends that dismissal or summary judgment is proper

because Holland has not pleaded or proved equal protection or due

process violations and because he is entitled to qualified and absolute

immunity.  While Fouts moves for dismissal or summary judgment, his

argument centers on Holland's pleadings, so the Court evaluates only

whether dismissal is warranted.

### III.   Analysis

### A.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal

sufficiency.  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court

explained, "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Id.*  The complaint's

allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Iqbal*, 556 U.S. at 678.  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Although the plausibility of a complaint is usually assessed on the face of the complaint, a court may also consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are

4

central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  And "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money*, 508 F.3d at 335-36; *see also Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997) (plan documents considered without converting motion to dismiss to one for summary judgment when the complaint referred to the "plan").

Thus, the Court has considered the relevant lease agreement and the court records of the related state court eviction proceedings.  Those records show that Holland's claims lack plausibility.

**B.**

Holland claims Fouts's intervention forced him (Holland) to occupy the infested rental property for over a year.  ECF No. 1, PageID.5.  In his September 2021 complaint, Holland claimed that he "has had to endure the infestations for over a year now, and has been told the mayor [is] using his government position to prevent plaintiff from leaving the infested home . . . ."  *Id*.  But court records contradict Holland's claim that he was forced to stay in the home he rented from Cardenas.  The records show that Cardenas filed eviction proceedings against Holland for nonpayment of

rent and that Holland fought his eviction.  ECF No. 13-2, PageID.56; ECF

No. 13-4, PageID.62; ECF No. 13-5, PageID.64; ECF No. 13-6, PageID.66-

71.

 In an opinion upholding the district court's judgment evicting Holland,

the circuit court explained that Cardenas had served Holland a notice that

she was ending his tenancy at the end of the fixed-term lease, March 1,

2021.  ECF No. 13-6, PageID.66-68.  Holland failed to vacate the premises,

so Cardenas sued for possession.  *Id*.  After the district court entered

judgment in Cardenas's favor, Holland fought to stay on the property by

moving to stay the judgment of possession and then appealing to the circuit

court.  *Id*.

 Holland's response brief also contradicts the claim in his complaint

that he was forced to live in the rental home.  He states in his response

brief that he moved out of the property and paid rent elsewhere.  ECF No.

14, PageID.123-124.  Holland said that he "was gone for months from the

property, but paying escrow every month, and paying rent somewhere

else . . . . [H]e was no longer living their [sic] . . . ."  *Id*.

 "Just as a court may disregard allegations that are conclusory or

delusional under Rule 12(b)(6), so too may a court disregard outlandish

and implausible allegations that are readily contradicted by public records

of which a court may take judicial notice." *CBST Acquisition, LLC v. PNC Bank, N.A.*, No. 1:19-CV-06, 2019 WL 2603566, at *15 (S.D. Ohio June 25, 2019), *adopted*, 2019 WL 4059918 (S.D. Ohio Aug. 28, 2019).  The court records showing that Holland fought his eviction and Holland's statement that he moved out of the property render implausible and outlandish his claim that Fouts forced him to stay in the property against his will.  Fouts's motion to dismiss should be granted on that basis and because he fails to state a plausible constitutional violation.

## C.

To succeed on a § 1983 claim, a plaintiff must show that "(1) the defendant was a person acting under the color of state law, and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Fridley v. Horrighs*, 291 F.3d 867, 871-72 (6th Cir. 2002).  Holland asserts that Fouts, a state actor, discriminated against him, violated the Fourteenth Amendment, and violated his due process rights.  ECF No. 1, PageID.4.  Fouts argues that Holland has not sufficiently pleaded equal protection or due process violations and that he (Fouts) is entitled to qualified and absolute immunity.

## 1.

Under the Fourteenth Amendment, a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. To sustain a claim of discrimination in violation of the Equal Protection Claim, a claimant must provide proof of discriminatory intent or purpose. *City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 194 (2003).[1] At the pleading stage, a plaintiff must only raise an inference of discriminatory purpose. *In re Flint Water Cases*, 384 F. Supp. 3d 802, 846 (E.D. Mich. 2019).

Holland does not state a plausible claim that Fouts did anything with a discriminatory intent or purpose. Holland claims that Cardenas called him racial slurs after she spoke to Fouts, and that "Fouts is known for using racial slurs against minorities and people with disabilities." ECF No. 1, PageID.5. Holland does not allege that he ever communicated with Fouts or that Fouts made offensive remarks toward him. *Id.* A defendant's use of racially discriminatory language can show discriminatory purpose when

---

[1] A plaintiff may show an equal protection violation with evidence that the defendant "treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (internal quotation marks omitted). Holland does not allege in his complaint or response brief that he was treated differently than similarly situated people. ECF No. 1, PageID.5; ECF No. 14. So the Court will not analyze Holland's claims under a disparate treatment theory.

coupled with harassment or some other conduct.  *See Taylor v. City of Falmouth*, 187 F. App'x 596, 601 (6th Cir. 2006).  But Holland does not allege that Fouts used discriminatory language in connection with other conduct, and Holland's allegation that Fouts is known to generally use discriminatory language does not state a plausible claim.  *See Harris v. Morris*, No. 17-1373, 2017 WL 8776683, at *3 (6th Cir. Oct. 26, 2017) (general allegations that school officials were racist were conclusory and were not entitled to a presumption of truth at the pleading stage); *Phifer ex rel. Phifer v. City of New York*, No. 99 Civ. 4422, 2003 WL1878418, at *6 (S.D.N.Y. Apr. 15, 2003) (plaintiff made no specific allegations supporting claim that defendants acted for racist reasons).  Thus, Holland fails to plead facts from which the Court could infer that Fouts committed an act against Holland with a discriminatory intent.

Holland argues for the first time in his response that Fouts "targeted" him because of his race and disability by getting "involved in plaintiff['s] legal affairs."  ECF No. 14, PageID.122-123.  But parties cannot add pleadings through a response brief.  *Jocham v. Tuscola Cnty.*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003) ("The pleading contains no such allegation, and the plaintiffs may not amend their complaint through a

9

response brief.").  And Holland's complaint includes no facts to support his claim that Fouts targeted him with discriminatory intent.

## 2.

Holland accuses Fouts of violating his due process rights.  ECF No. 1, PageID.4.  "The first step in analyzing both procedural and substantive due process claims is determining whether the plaintiff possesses an interest protected by the Due Process Clause—typically a liberty or property interest."  *Horn v. City of Mackinac Island*, 938 F. Supp. 2d 712, 718 (W.D. Mich. 2013).  "Procedural due process claims are concerned not with the deprivation of a constitutionally protected interest in life, liberty, or property, but deprivation of those interests without due process of law," i.e., notice and an opportunity to be heard.  *Handy-Clay v. City of Memphis*, 695 F.3d 531, 546 (6th Cir. 2012) (internal quotation marks omitted).  "Substantive due process claims include deprivations of specific constitutional guarantees and government actions that 'shock the conscience.'"  *Horn*, 938 F. Supp. 2d at 718 (citing *Valot v. Se. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997)).

Holland does not allege whether Fouts deprived him of procedural or substantive due process, and does not identify what protected liberty or property interest is at issue.  ECF No. 1, PageID.4-5.  Holland's conclusory

10

reference to "due process" in his complaint does not state a claim under § 1983.  *See Iqbal*, 556 U.S. at 678.

If Holland meant to assert a procedural due process claim, the court records from the eviction proceeding show that he had no property interest and thus no plausible procedural due process claim.  "Property interests are not created by the Constitution," but "stem from an independent source such as state law."  *Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002) (internal quotation marks omitted).  As noted, Holland's lease ended on March 1, 2021.  ECF No. 13-3, PageID.58; ECF No. 13-6, PageID.67.  The circuit court thus held "that Holland had no possessory interest in the property" after his lease expired.  ECF No. 13-6, PageID.70.

Holland questions the validity of the state courts' decisions by alleging that Fouts influenced an animal control department employee to falsely testify that there were no infestations at the rental property.  ECF No. 14, PageID.124.  That testimony may have impacted the circuit court's decision to reject Holland's claim that the pest issues caused a constructive eviction and thus a month-to-month lease.  *See* ECF No. 13-6, PageID.69. But even if there had been a month-to-month lease, Holland lost any property interest after Cardenas served him with a notice to quit at the end of the lease term.

11

> [A] tenancy for a fixed term of years pursuant to a lease is ordinarily terminated on the expiration of the term of the tenancy as fixed by the lease.  Thus, a tenant's right to possession of leased premises expires or terminates pursuant to the lease absent the securing of an extension.  As a result, a landlord seeking repossession of premises upon the expiration of the term of a fixed lease does not terminate the tenancy, but merely seeks repossession pursuant to the termination that has otherwise taken place.

*Frenchtown Villa v. Meadors*, 117 Mich. App. 683, 689 (1982) (citation omitted); *see also* Mich. Comp. Laws § 554.134(1) (one month's notice to quit terminates a month-to-month tenancy).  Since Holland had no valid property interest at the time of the eviction proceedings, a due process claim based on his eviction is not viable.

### 3.

Fouts also argues that he is entitled to qualified and absolute immunity.  ECF No. 13, PageID.42-45.  Qualified immunity applies when the defendant did not violate a clearly established constitutional right. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310-11 (6th Cir. 2005).  As discussed above, Holland has failed to plead facts stating a plausible claim that Fouts violated his constitutional rights.  Thus, Fouts is entitled to qualified immunity.

But Fouts has no right to absolute immunity.  The Government Tort Liability Act states that "the elective or highest appointive executive official

12

of all levels of government" is "immune from tort liability for injuries to

persons or damages to property if he or she is acting within the scope of

his or her . . . executive authority."  Mich. Comp. Laws § 691.1407(5).

Fouts's reliance on this provision is misplaced because it insulates him only

from tort liability but not from liability for constitutional claims.  *See*

*Armstrong v. Ypsilanti Charter Twp.*, 248 Mich. App. 573, 594 (2001)

("M.C.L. § 691.1407(5) provides immunity only from tort liability," but not

from breach of contract claims).

## IV.    Conclusion

The Court thus **RECOMMENDS** that Fouts's motion to dismiss or for

summary judgment be **GRANTED** (ECF No. 13).


s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge


Dated: June 6, 2022


## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation,

any party may serve and file specific written objections to this Court's

findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF

14

System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 6, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager